# IN THE COURT OF APPEALS OF IOWA

No. 23-2044
Filed September 4, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ESAI RENO FILOMENO CASTILLO,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, Judge.

Esai Reno Filomeno Castillo appeals the sentence imposed after pleading guilty. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Chicchelly and Sandy, JJ.

**CHICCHELLY, Judge.**

Esai Reno Filomeno Castillo appeals the sentence imposed by the district court after pleading guilty to sexual exploitation of a minor.[1] He contends the court abused its discretion when sentencing him by failing to consider certain mitigating factors and improperly relying on others. Because we find no abuse of discretion, we affirm the sentence.

## I.   *Background Facts and Proceedings.*

In April 2022, Castillo was hired as a campus life associate at Youth For Christ (YFC). Before being hired, he served as a volunteer for the program. While working there, he developed a relationship with B.J., a fifteen-year-old girl in his youth group.

In August, a parent reported concerns to YFC's ministry director about Castillo's boundaries with church youth. This allegation prompted YFC to investigate Castillo's behavior and ultimately terminated Castillo's employment. The ministry director later discovered that Castillo and his wife were in a "polygamous relationship" with two teenaged girls in Castillo's youth group. She notified the Mason City Police Department, which conducted its own investigation. The investigation revealed that Castillo possessed a photo on his cell phone of B.J. engaged in a sex act. The State charged Castillo with: Count I, sexual exploitation of a minor and Count II, telephone dissemination of a depiction of a minor.

---

[1] Because Castillo only appeals his sentence and does not challenge his underlying plea, we have jurisdiction over this appeal. *See* Iowa Code § 814.6 (2022); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

As a result of a plea negotiation, Castillo pled guilty to count I; the court accepted his guilty plea and dismissed count II. At the sentencing hearing, the State recommended incarceration based on the severity of the offense and the nature of the relationship. In turn, Castillo requested a deferred judgment or, in the alternative, a suspended sentence. The court sentenced Castillo to an indeterminate term of incarceration not to exceed two years. He appeals.

## II. Review.

We review sentences for correction of errors at law. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor," and we will only reverse for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). An abuse of discretion occurs when "the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

## III. Discussion.

Castillo makes two central claims regarding sentencing: he contends the court (1) failed to consider mitigating factors and (2) improperly relied on unproven offenses. We consider each argument in turn.

Castillo first argues that the court failed to consider mitigating factors, such as his age, lack of criminal history, the positive reviews from character witnesses at sentencing, his remorse, and his willingness to seek counseling. But this is incorrect. While the court was not "required to specifically acknowledge each claim of mitigation urged by a defendant," *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995), it *expressly* noted nearly all of these factors. The court stated that it

was considering Castillo's "age, prior criminal history—or in your case, lack of" in exercising its discretion. But it also voiced its concerns about the witnesses' accounts and Castillo's showing of remorse, finding that "some of [the witnesses'] comments are rather minimizing of your behavior and victim blaming" despite Castillo "being the adult in this situation." The court also expressed its frustration with Castillo's diminishment of his own actions, finding that Castillo had not "taken full accountability" because "[he is] still trying to downplay this and minimize." Further, while Castillo apologized during his statement at sentencing, he also interrupted proceedings to justify the relationship, claiming it occurred "after I was at YFC." The court then went on to explain its reasoning for imposing incarceration. Accordingly, we find Castillo's argument that such factors were not considered to be wholly without merit.

Next, Castillo contends that the court incorrectly punished him under section 709.15 rather than section 728.12 because it penalized him "for having a relationship with the minor even though it was not illegal."[2] *Compare* Iowa Code § 709.15 (involving sexual exploitation of a minor by a "counselor or therapist"), *with id.* § 728.12 (involving sexual exploitation of a minor without

---

[2] Castillo further alleges that the court abused its discretion because it punished him for an "unproven offense." While "[i]t is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges," it is permitted when "the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *Formaro*, 638 N.W.2d at 725. Castillo both admitted to his relationship with B.J. and pled guilty to possession of the photo. Even so, for the reasons stated below, we find that the court did not consider any uncharged or unproven acts when sentencing Castillo.

requiring the individual to be working in a specific professional capacity). There are two problems with this argument.

First, while the court noted Castillo's "position of control and influence" over the victim, this does not mean it sentenced him under the wrong statutory provision. The court did not impose punishment under section 709.15. It neither alleged that Castillo ever acted as a "counselor or therapist" nor stated that Castillo engaged in any physical relationship with B.J. In fact, the court acknowledged that Castillo's relationship with B.J. was "arguably legal" and never made any reference to section 709.15 at all.

Second, we require sentencing courts to consider "the nature of the offense [and] the attending circumstances" when exercising discretion. *See Damme*, 944 N.W.2d at 106 (quoting *Formaro*, 638 N.W.2d at 725). The court's consideration of Castillo's abuse of power over B.J., and his subsequent lack of accountability for his actions, are part of such circumstances. *See, e.g.*, *State v. Cooper*, No. 21-0378, 2022 WL 3067970, at *2 (Iowa Ct. App. Aug. 3, 2022) (permitting the court to consider grooming behaviors as part of sentencing); *see also State v. Jacobs*, No. 18-0160, 2019 WL 156638, at *3 (Iowa Ct. App. Jan. 9, 2019) ("[T]he court can consider a defendant's acceptance of responsibility—or lack thereof—in deciding what sentence to impose."). In exercising its discretion, the court explained to Castillo, "You met this girl—this young, underage girl while you were part of a church program, and then whether it was during your employment or after, you began a relationship with her that, while arguably legal, ended up with you having child porn on your phone." We can find no reason why the court's consideration of the facts of the case constitutes an

abuse of discretion.  Accordingly, we affirm Castillo's sentence for sexual exploitation of a minor.

### IV.    Disposition.

Because we find no abuse of discretion by the sentencing court, we affirm Castillo's sentence.

**AFFIRMED.**